UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

JULIO NUNEZ,

           Defendant.

**DECISION AND ORDER**
00-CR-199S-19

      1.      On March 14, 2001, the Grand Jury for the Western District of New York returned a 46 count Indictment charging 19 Defendants, including Julio Nunez, with conspiracy to possess with the intent to distribute, fifty (50) grams or more of a substance containing cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(A), and 846, and other narcotics offenses. Every other Defendant besides Mr. Nunez has pled guilty, passed away, or been tried for his or her role in the charged offenses. Currently before this Court is Mr. Nunez's Motion to Dismiss the Indictment based on his prolonged mental incompetency pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure. For the following reasons, his Motion is denied.

      2.      Mr. Nunez's relevant legal history is as follows. On July 27, 2000, prior to his Indictment in the Western District, Mr. Nunez was indicted along with 18 other Defendants in the Southern District of New York and charged with various federal narcotics offenses.[1] Mr. Nunez pled guilty to Count One of the Southern District Indictment before the Honorable Richard Conway Casey, United States District Court Judge, on January 23,

---

[1] The case in the Southern District of New York is docketed as case number S2-00-Cr-121(RCC).

2003.  For reasons unknown to this Court, Mr. Nunez thereafter attempted to withdraw his plea.  In January of 2004, Judge Casey ordered that Mr. Nunez undergo a psychiatric evaluation, but he was not immediately examined due to a technical defect in Judge Casey's order.  In addition, the United States Attorney's Office was unable to locate Mr. Nunez for a brief period of time.

3. On June 30, 2004, Judge Casey issued a second order directing that Mr. Nunez undergo a psychiatric evaluation.  Dr. William J. Ryan, a psychologist with the Bureau of Prisons, conducted several interviews with Mr. Nunez to evaluate his mental condition.  (Psy. Rep., p. 1).  In his August 23, 2004 report, Dr. Ryan concluded that Mr. Nunez presented with "Major Depressive Disorder, Severe with Psychotic Features," which constitutes a mental disease under the law.  (Psy. Rep., p. 10).  Further, Dr. Ryan opined that Mr. Nunez was not competent to stand trial because: (1) he did not possess a rational and factual understanding of the proceedings against him; (2) he did not have the capacity to assist legal counsel in his defense; and (3) he could not rationally make decisions regarding legal strategy.  (Psy. Rep., p. 10).  Accordingly, Dr. Ryan recommended that "Mr. Nunez be sent away for restoration to competency," pursuant to 18 U.S.C. § 4241(d).  (Psy. Rep., p. 10).  Based on this recommendation, Mr. Nunez was transferred to Butner Medical Facility in North Carolina for psychiatric treatment.

4. On July 19, 2005, Judge Casey entered an Order acknowledging the parties' agreement that Defendant was presently suffering from a mental disease or defect, to wit, Major Depressive Order Severe with Psychotic Features.  (Gov't Mot. Adj. Pro., Ex. 1, p.

1).[2]  Judge Casey ordered Mr. Nunez committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4244,[3] for a term of life, life being the maximum term of imprisonment under the statute of conviction.  See 21 U.S.C. § 841(b)(1).  (Gov't Mot. Adj. Pro., Ex. 1, p. 2).  Judge Casey further ordered that if the director of the facility in which Mr. Nunez is committed determines that he has recovered from his mental disease, the director is to certify the same to the United States District Court of the Southern District of New York and a final sentence shall be imposed.  (Id.)

5.    In the meantime, the Western District Indictment has remained outstanding against Mr. Nunez.  Based on the competency proceedings before Judge Casey, the requirements of 18 U.S.C. § 4241 have been satisfied, that Mr. Nunez is legitimately detained under 18 U.S.C. § 4244(d).[4]  Counsel agree that Mr. Nunez is presently

---

[2]The Government's Motion to Adjourn the Proceedings appears at Docket No. 573 in the instant case.

[3]Title 18, United States Code, Section 4244 governs the hospitalization of a convicted person suffering from a mental disease or defect, and provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for care or treatment in a suitable facility. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty.

18 U.S.C. § 4244(d); see also United States v. Roberts, 915 F.2d 889, 892 (4th Cir. 1990) (holding that Section 4244(d) authorizes a provisional sentence up to the statutory maximum sentencing for a defendant's crime).

[4]Title 18, United States Code, Section 4241, governs the determination of a defendant's mental competency to stand trial.  Under Section 4241(a), upon the motion of the Government or defendant, the trial court must order a hearing to determine the defendant's competency to stand trial if there is reasonable cause to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a). Section 4241(b) authorizes the trial court to order a psychological examination of a defendant prior to his or her competency hearing.  "If, after the hearing, the court finds by a preponderance of the evidence that

3

incompetent to stand trial. On June 8, 2006, counsel for the Government reported that he had conferred with Dr. Lucking at Butner Medical Facility, who advised that Mr. Nunez was not responding to anti-psychotic drugs. Counsel for the Government requested a written report from Dr. Lucking detailing the basis for his conclusion that Mr. Nunez could not be rehabilitated. Defense counsel orally moved at that time to dismiss the Western District Indictment pursuant to Rule 48(b)(3) of the Federal Rules of Civil Procedure, arguing that there was no indication that Mr. Nunez would be restored to mental competency, that he had already pled guilty to the Southern District Indictment, and that he faced a potential life sentence thereunder if -- by chance -- he happened to recover from his psychosis. The Government orally opposed dismissal of the Indictment.

6. Rule 48(b)(3) of the Federal Rules of Criminal Procedure provides, "[t]he court may dismiss an indictment, information or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Fed.R.Crim.P. 48(b)(3). Generally, dismissal under Rule 48(b) is committed to the sound discretion of the district court. See United States v. Lane, 561 F.2d 1075, 1078 (2d Cir. 1977); United States v. Loe, 586 F.2d 1015, 1019 (4th Cir. 1978). Where delay in bringing a defendant to trial is attributable to his or her mental incompetency, courts will only dismiss an indictment if such delay has violated defendant's right to a speedy trial. See, e.g., United States v. Dale, 426 F. Supp. 675, 676 (S.D.N.Y. 1976).

7. To determine whether a defendant's right to a speedy trial has been denied, courts must consider the length of the delay, the reasons for the delay, the defendant's

---

the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).

assertion of his right, and the extent of prejudice to the defendant.  Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); United States v. McGrath, 622 F.2d 36, 40 (2d Cir. 1980).  As the Supreme Court has recognized, none of these factors have "talismanic qualities," in that none is "either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial."  Barker, 407 U.S. at 533, 92 S.Ct. at 2193.  Rather, these related factors "must be considered together with such other circumstances as may be relevant."  Id.

  8. As an initial matter, this Court notes that the five year delay in bringing Mr. Nunez to trial does not mandate dismissal of the Indictment.  In numerous cases, the Second Circuit has found no speedy trial violation, despite lengthy delays in indicting a defendant or bringing him to trial.  See, e.g., McGrath, 622 F.2d 36 (24 months); Lane, 561 F.2d at 1075 (58 months); United States v. Cyphers, 556 F.2d 630 (2d Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2937, 53 L.Ed.2d 1070 (1977) (33 months); United States v. Mejias, 552 F.2d 435 (2d Cir.), *cert. denied,* 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977) (21 months); United States v. McQuillan, 525 F.2d 813 (2d Cir. 1975) (26 months); United States v. Lasker, 481 F.2d 229 (2d Cir. 1973), *cert. denied,* 415 U.S. 975, 94 S.Ct. 1560, 39 L.Ed.2d 871 (1974) (2 years); United States v. Infanti, 474 F.2d 522 (2d Cir. 1973) (28 months); United States v. Fasanaro, 471 F.2d 717 (2d Cir. 1973) (over 4 years); United States v. Saglimbene, 471 F.2d 16 (2d Cir.), *cert. denied,* 411 U.S. 966, 96 S.Ct. 2146, 36 L.Ed.2d 686 (1973) (6 years); United States v. Schwartz, 464 F.2d 499 (2d Cir.), *cert. denied,* 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972) (4 ½ years); see also Barker, 407 U.S. 514, 92 S.Ct. 2182 (5 years).

  9. Secondly, the parties do not dispute that the delay in bringing Mr. Nunez to

trial is directly attributable to his psychiatric examination and prolonged mental incompetency.[5] It is axiomatic that "delays caused by a defendant's mental inability to stand trial or delays necessitated by a psychiatric examination required to determine a defendant's competency to stand trial are not to be considered in deciding whether a defendant's right to speedy trial has been abused." Dale, 426 F.Supp. at 677-78 (citations omitted). Further, delays caused by Defendant's incompetency to stand trial are automatically excluded from the time in which the Government must bring a defendant to trial under the Speedy Trial Act.[6] See 18 U.S.C. § 3161(h)(4); United States v. Oberoi, 295 F. Supp. 2d 286, 289 (W.D.N.Y. 2003)

10. With respect to the third and fourth factors -- defendant's assertion of his right to a speedy trial and prejudice -- this Court finds that they do not compel dismissal of the Indictment at this juncture. As a practical matter, Judge Casey, before whom Mr. Nunez pled guilty, assumed responsibility for making determinations with respect to his competency and his continued detention under 18 U.S.C. § 4244. Deferring to Judge Casey's judgment in these matters, the parties to the proceedings before this Court have

---

[5] Mr. Nunez does not allege, for example, that the pre-trial delay is due in any part to the Government's "deliberate procrastination" or "negligent inaction," see Lane, 561 F.2d at 1079, or that such delay constitutes an attempt to obtain a tactical advantage. See United States v. Roberts, 515 F.2d 642, 646-47 (2d Cir. 1975).

[6] The Speedy Trial Act provides that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, certain periods of delay must be excluded in computing the time within which the defendant's trial must commence, including "any period of delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," 18 U.S.C. § 3162(h)(1)(A), or "the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(4). Significantly, Defendant does not assert that the delay in bringing him to trial constitutes a violation of the Speedy Trial Act. Rather, Defendant seeks dismissal of the Indictment based on his continued mental incompetency and his lack of responsiveness to psychiatric treatment, which has resulted in substantial pretrial delay.

not objected to the delays arising from Mr. Nunez's evaluation, treatment, and detention based on his mental incompetency.

Given that Mr. Nunez has been provisionally sentenced on the Southern District Indictment to a term of life, it cannot be said that he has been substantial prejudiced by the delay in bringing him to trial in the Western District. Even if Defendant could identify some prejudice arising from this delay, it is unlikely that defendant's alleged hardship would constitute a speedy-trial violation. See, e.g., Cyphers, 556 F.2d at 636 (finding no constitutional speedy-trial violation even though defendant's incarceration while awaiting trial in New York prevented a timely consideration of his parole in Ohio and prohibited him from receiving a federal sentence concurrent with his Ohio sentence); McQuillan, 525 F.2d at 818 (holding that there was no speedy-trial violation where pretrial delay cost defendant his job, and some of his witnesses became unavailable); Lasker, 481 F.2d at 237 (finding that prejudice to defendant was "insubstantial" even though he suffered damage to his reputation, witnesses' memories dulled, and two character witnesses for defendant died); Infanti, 474 F.2d at 528 (finding no violation of defendant's right to a speedy trial even though defendant alleged that two witnesses critical to his case had died, prosecution witnesses' memories had lapsed, and records allegedly critical to defendant's case had been destroyed); Schwartz, 464 F.2d at 505 (holding that alleged destruction of records, impairment of witnesses' memory, and unavailability of a government official who could testify that defendant's transaction was legal did not amount to speedy-trial violation); cf. Barker, 407 U.S. at 534 (holding that defendant's speedy-trial rights were not violated even though he spent "ten months in jail before trial" and "was prejudiced to some extent by living for over four years under a cloud of suspicion and anxiety"). Based on the foregoing,

this Court finds that any prejudice suffered by Mr. Nunez as a result of his detention and mental incompetency is not sufficient to establish a constitutional violation under all of the facts of this case.

      11.     Considering the relevant factors under <u>Barker</u>, this Court finds that the delay in bringing Mr. Nunez to trial on the Western District Indictment has not violated his right to a speedy trial. Under the circumstances, it would be erroneous to hold that the pretrial delay caused Mr. Nunez's psychiatric evaluation and incompetence violated his right to a speedy trial. <u>Dale</u>, 426 F. Supp. at 677-78. Likewise, it would be wholly inappropriate to hold the Government accountable for such delay under the Speedy Trial Act. <u>Oberoi</u>, 295 F. Supp. 2d at 289. This Court finds that the pre-trial delay in this case is not properly characterized as "unnecessary delay," such that dismissal of the indictment is justified under Rule 48(b)(3). Accordingly, Defendant's Motion to Dismiss the Indictment must be denied at this juncture.

      12.     Notwithstanding the foregoing, this Court agrees with defense counsel that Mr. Nunez is a "different man from the man who was indicted." It has been nearly two years since Mr. Nunez was declared incompetent, and there is no indication that he has responded to psychiatric treatment or medication since his commitment to Butner Medical Facility. As previously noted herein, counsel for the Government has indicated that he is awaiting a written report from Dr. Lucking regarding Mr. Nunez's psychiatric prognosis. Given the Government's own strong interests in the basic fairness of trial and in the prompt disposition of criminal charges, the Government may reasonably conclude that dismissal of these charges may be warranted if it is confirmed that Mr. Nunez is unlikely to be restored to competency. See <u>United States v. Cockrell</u>, No. Cr. 97-36-N, 1997 WL

1876542, at *7 (M.D. Ala. June 11, 1997).

IT HEREBY IS ORDERED, that Defendant Julio Nunez's Motion to Dismiss the Indictment is DENIED.

SO ORDERED.

Dated: July 17, 2006
      Buffalo, New York

                                  /s/William M. Skretny
                                  WILLIAM M. SKRETNY