UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        v.                                      00-CR-199-S

JULIO NUNEZ,

        Defendant.
_____

## **ORDER**

      This Court has found that Defendant, Julio Nunez, was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket No. 917.) Thus, this Court, under 18 U.S.C. § 4241(d), ordered that Nunez be committed to the custody of the Attorney General for hospitalization at a suitable treatment facility. The director of that facility was ordered to determine whether there was a substantial probability that, in the foreseeable future, the defendant would attain the capacity to permit the proceedings to go forward.

      By letter dated January 10, 2014, and its enclosed forensic evaluation, this Court was advised that a forensic evaluation was conducted at the Federal Medical Center at Butner, North Carolina (FMC Butner). The director of the facility certified that there is not a substantial probability that Nunez's competency will be restored in the foreseeable future.

      This Court, incorporating its previous rulings on this matter, and having reviewed the forensic evaluation of Robert G. Lucking, M.D., and Angela Walden Weaver, Ph.D., (to which there is no opposition) then found that Nunez's mental condition was not so improved as to permit the proceedings to go forward. Indeed, this Court found that Nunez was still not competent to understand the nature of the proceedings against him

or assist in his defense. It further found that there was not a substantial probability that, in the foreseeable future, Nunez would attain the capacity to permit the proceedings to go forward.  (See Docket No. 931). Accordingly, this Court ordered, as required by 18 U.S.C. §§ 4246 and 4247(b) and (c), FMC Butner to determine if Nunez is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." See 18 U.S.C. § 4246(a).

FMC Butner conducted that evaluation. The FMC Butner medical professionals assigned to the evaluation concluded that Nunez is "behaviorally stable" and is not "an imminent risk for harm to himself or others." (See Report, signed 4/25/14; Docket No. 935.) In short, the medical team found, in a conclusion authorized by the FMC Butner warden, that Nunez did not meet the requirements for commitment set out in 18 U.S.C. § 4246.

Based on these findings, the Government moved to dismiss the indictment. (See Docket Nos. 928, 934.) At a conference in open court on April 29, 2014, this Court found that Nunez is **not** "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and GRANTED the Government's motion. Therefore,

IT HEREBY IS ORDERED, that this case is DISMISSED.

SO ORDERED.

Dated:  May 2, 2014
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

2